**Petition for Writ of Mandamus Dismissed in Part and Denied in Part and Opinion filed March 22, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00194-CV

———————

### IN RE PATRICIA ANN POTTS, Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
11th District Court
Harris County, Texas
Trial Court Cause No. 2009-74161**

---

## MEMORANDUM OPINION

Relator Patricia Ann Potts has filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator, who has been declared a vexatious litigant, complains that respondent, the Honorable Ken Wise, Local Administrative District Judge, Administrative Office of the District Courts, Harris County, Texas, erred in denying her permission to file litigation.

The 11th District Court of Harris County issued an order on February 16, 2011, adjudicating relator as a vexatious litigant. In January 2012, relator sought permission to file suit against Chris Daniel, Harris County District Clerk, Vince Ryan, Harris County

Attorney, Patricia Lykos, Harris County District Attorney, and Greg Abbott, Attorney General of the State of Texas ("Real Parties"). Judge Wise signed an order on February 1, 2012, denying relator's request to file suit, finding "nothing in the documents Ms. Potts submitted demonstrates that her claims have merit." On March 1, 2012, relator filed her petition for mandamus relief. The decision of a local administrative judge denying a litigant permission to file litigation under section 11.102 may be reviewed by petition for writ of mandamus to the court of appeals if filed within thirty days. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102(c) (effective Jan. 1, 2012).

Relator first claims the order declaring her a vexatious litigant violates her constitutional rights because she was not properly served. That order was signed February 16, 2011, and is appealable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101(c). Accordingly, we dismiss the mandamus proceeding to the extent relator seeks mandamus relief from the order declaring her a vexatious litigant.

Next, relator complains of actions taken by the Real Parties. Our mandamus jurisdiction is limited to (1) writs against a district court judge or county court judge in our district, and (2) all writs necessary to enforce our jurisdiction. Accordingly, we dismiss the mandamus proceeding to the extent relator seeks mandamus relief against the Real Parties.

Finally, relator asserts Judge Wise had a legal duty to grant her permission to file litigation. The record before this court does not establish that Judge Wise abused his discretion in denying relator permission to file suit. Relator has not established that she is entitled to mandamus relief. Accordingly, we deny the remainder of relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Frost, Brown, and Christopher.

2